UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRITTANY DAIL ET AL.                              CIVIL ACTION

VERSUS                                             No. 23-6660

INTEGON NATIONAL                                   SECTION I
INSURANCE COMPANY

## ORDER & REASONS

Before the Court is defendant Integon National Insurance Company's ("defendant") motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Brittany Dail and Carmen McDonald ("plaintiffs") oppose the motion.[2] Defendant filed a reply.[3] For the reasons set forth below, the Court grants the motion to dismiss.

## I.    BACKGROUND

This matter concerns a Hurricane Ida insurance claim. Plaintiffs owned the property at issue in this dispute.[4] At the time of the damage, the policy was subject to an insurance policy ("the policy") issued by defendant.[5] Following damage to the property, plaintiffs claim that defendant breached the policy and acted in bad faith by failing to make required payments.[6]

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 8.
[3] R. Doc. No. 9.
[4] R. Doc. No. 1-2, ¶ 1.
[5] *Id.* ¶ 4.
[6] *Id.* ¶¶ 13–17.

1

In its motion to dismiss, defendant asserts that the policy was purchased by Flagstar Bank (the "mortgagee"), the holder of a mortgage on plaintiffs' property, after plaintiffs failed to provide evidence that they had purchased adequate insurance.[7] Defendant argues that the mortgagee purchased the policy to protect its own interests in the property, not to protect plaintiffs' interests.[8] Therefore, defendant denies that the policy covers plaintiffs and moves to dismiss plaintiffs' claims pursuant to Rule 12(b)(6).[9]

## II. STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*,

---

[7] R. Doc. No. 7-1, at 1–2.
[8] *Id.* at 5–6.
[9] *Id.* at 13.

790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff[s'] claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff[s'] favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). In addition to considering the complaint and its attachments, the court may consider documents attached to a motion to dismiss "if they are referred to in the plaintiff[s'] complaint and are central to [their] claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)).

### III.   ANALYSIS

As discussed, defendant moves to dismiss plaintiffs' claims pursuant to Rule 12(b)(6) because plaintiffs are not insureds, additional insureds, or third-party beneficiaries of the policy.[10] Because the policy is attached to the motion to dismiss, referenced in plaintiffs' complaint, and central to plaintiffs' claim, the Court may consider the policy to decide this motion. *See Causey*, 394 F.3d at 288.

The parties agree that Louisiana law governs this dispute.[11] Pursuant to Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). While the general standard for interpretation is the intent of the parties, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 207 (5th Cir. 2007) (quoting La. Civ. Code art. 2046). Accordingly, "[i]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Id.* (quoting *Cadwallader*, 848 So. 2d at 580).

The language of the policy issued by defendant is clear. The policy states that "[defendant] agrees to indemnify [the mortgagee] or [the mortgagee's] legal representative for any amount that [the mortgagee] may be entitled to recover as a

---

[10] R. Doc. No. 3-1, at 10.
[11] R. Doc. No. 7-1, at 5; R. Doc. No. 8, at 4.

result of a covered LOSS."[12] The policy further states: "[defendant] will adjust each LOSS with [the mortgagee] and pay [the mortgagee]."[13] The policy also explains that "[plaintiffs] may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability . . . and the [plaintiffs'] insurable interest in the damaged property. . . Other than the potential right to receive such payment, [plaintiffs] ha[ve] no rights under this [policy]."[14] Pursuant to the plain language of the policy, plaintiffs are neither an insured nor an additional insured. *See Cadwallader*, 848 So .2d at 580. Rather, the policy insures the mortgagee and, while plaintiffs may benefit as payees of the policy, plaintiffs are not insured by the policy.

Louisiana law permits enforcement of insurance policies by intended third-party beneficiaries in addition to enforcement by the named insured or additional named insured. *Williams v. Certain Underwriters at Lloyd's of London,* 398 F. App'x 44, 47 (5th Cir. 2010). "Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autri*, and is never presumed. To establish a stipulation *pour autri*, a party must demonstrate that: '(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee.'" *Johnson v. Am. Sec. Ins. Co.*, 2023 WL 143325, at *4

---

[12] R. Doc. No. 7-3, at 6.
[13] *Id.* at 13.
[14] *Id.*

5

(E.D. La. Jan. 10, 2023) (Vitter, J.) (quoting *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006)).

While plaintiffs have alleged a stipulation intended to benefit them through their status as a loss payee pursuant to the policy, there is no certainty as to any benefit to plaintiffs pursuant to the policy. The mere fact that insurance proceeds in excess of the mortgagee's interest will be paid to the mortgagor is not sufficient to demonstrate a stipulation *pour autri. Brown v. Am. Mod. Home Ins. Co.*, No. CV 16-16289, 2017 WL 2290268, at *5 (E.D. La. May 25, 2017) (Lemmon, J.) ("Without allegations demonstrating that the condition requiring [the insurance company] to pay plaintiffs was triggered, i.e. that the amount of the loss exceeds the mortgage balance, plaintiffs' complaint does not sufficiently allege that there was a stipulation *pour autrui*, and plaintiffs have not stated a claim against [the insurance company] for breaching the insurance contract.").

Plaintiffs argue that, because their complaint says that they are "third-party beneficiaries of the insurance policy in question and the funds owed by [defendant] under the policy and/or breach of Louisiana's bad faith statutes exceed the balance owed to [the mortgagee] for its insured interest in the mortgage,"[15] they have clearly alleged a benefit to them pursuant to the policy.[16] However, plaintiffs' complaint "does not allege facts sufficient to establish that status because there is no information regarding the amount of [the] insurance claim against [defendant] or

---

[15] R. Doc. No. 1-1, ¶5.
[16] R. Doc. No. 8, at 5.

plaintiffs' mortgage balance." *Brown*, 2017 WL 2290268, at *5. Therefore, plaintiffs have not sufficiently alleged a benefit provided to them by the policy.

Additionally, plaintiffs have not demonstrated that any alleged benefit conferred on them was not "merely incidental to the mortgagee's coverage." *See Fontenot v. Great Am. Assurance Co.*, No. CV 23-2062, 2023 WL 6065152, at *4 (E.D. La. Sept. 18, 2023) (Africk, J.). "[T]he property was only insured because [p]laintiffs' mortgage holders obtained coverage when [p]laintiffs could not provide them with sufficient proof of coverage. Now, [p]laintiffs want to reap the benefits from policies that they did not obtain, claiming that they are third party beneficiaries to those contracts." *Harrison v. Safeco Ins. Co. of Am.*, No. CIV.A. 06-4664, 2007 WL 1244268, at *5 (E.D. La. Jan. 26, 2007) (Barbier, J.); *see also Riley v. Sw. Bus. Corp.*, 2008 WL 4286631, at *3 (E.D. La. Sept. 17, 2008) (Vance, J.) ("Indeed, the very purpose of a forced placed policy is to cover the uninsured portion of the *mortgagee's* interest. Though [the mortgagor] may incidentally benefit from the stopgap coverage, he was not an intended beneficiary and is thus not entitled to enforce the contract in court.") (emphasis in the original); *Gisclair v. Great Am. Assurance Co.*, No. CV 22-3556, 2023 WL 1765922, at *6 (E.D. La. Feb. 3, 2023) (Morgan, J.); *Johnson*, 2023 WL 143325, at *4. Therefore, any benefit conferred on plaintiffs by the policy was incidental to the mortgagee's coverage.

Accordingly, plaintiffs have not sufficiently alleged they are intended third-party beneficiaries of the policy pursuant to Louisiana law. Because, in light of the

7

foregoing analysis, plaintiffs do not assert a plausible claim for relief, their breach of contract claim must be dismissed pursuant to Rule 12(b)(6).

Plaintiffs additionally claim that defendant is liable for violating statutory duties pursuant to Louisiana Revised Statute § 22:1973 and § 22:1892. However, "[t]hese claims rely on the existence of a valid, underlying insurance claim." *See Fontenot*, 2023 WL 6065152, at *4 (citing *Gisclair*, 2023 WL 1765922, at *7); *see also Riley*, 2008 WL 4286631, at *3. "Because plaintiff[s] [are] not covered by the policy, these claims also lack a plausible basis." *Fontenot*, 2023 WL 6065152, at *4.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED.** The above-captioned matter is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January 31, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**